DECISION AND JUDGMENT ENTRY
Appellant, Milton V. Shupe, attacked his eighty-three year old victim with a hammer as she tended her garden. Appellant repeatedly struck her on her head, face and arms.
Appellant was charged with attempted murder, two counts of felonious assault and aggravated robbery. Eventually, however, pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, he entered a guilty plea to the sole charge of attempted murder. At appellant's sentencing hearing, the victim testified that she sustained serious and permanent injuries from the attack.
The trial court found that, although appellant had no prior criminal convictions, a minimum sentence would demean the seriousness of the offense. Indeed, the court concluded, appellant's acts constituted one of the worst forms of the offense. On these findings, the court sentenced appellant to a ten year term of imprisonment, the maximum allowable by law.
Appellant now appeals his sentence, arguing in two assignments of error that 1) the maximum sentence was unwarranted for him, and 2) the phrase "worst forms of the offense" in the sentencing law is unconstitutionally vague.
Pursuant to Sixth Dist.Loc.App.R. 12(C), we, sua sponte, transfer this matter to our accelerated docket and, hereby, render our decision.
With respect to the phrase, "worst forms," we choose to follow the majority opinion of the First District Court of Appeals which rejected the same argument in State v. Mushrush (June 18, 1999), Hamilton App. No. C-980658, unreported, motion to certify overruled in State v.Mushrush (1999), 87 Ohio St.3d 1406. Accordingly, appellant's second assignment of error is not well-taken.
As regards his first assignment of error, appellant committed an unprovoked attack with a hammer on an eighty-three year old woman, beating her repeatedly. The court considered this, as well as the other statutory factors, before it made its sentencing decision. Our examination of the record reveals that the sentencing court's findings are supported therein. Accordingly, appellant's first assignment of error is not well- taken.
On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., Richard W. Knepper, P.J., JUDGE, CONCUR.